DARYL ADAMS (P54185)
2525 John R
Detroit, MI 48201
(313) 293-4026
adams.daryl227@comcast.net

RYAN CLAYTON WILLIAMS (6318972)
2523 John R
Detroit, MI 48201
(734) 644-3123
ryanwilliamsesq@gmail.com

ATTORNEYS FOR THE PLAINTIFF

# UNITED STATES

### for the Eastern District of Michigan

### Southern Division

| | |
|---|---|
| **RYAN CLAYTON WILLIAMS** | Case No. |
| **Plaintiff,** | **UNLIMITED JURISDICTION** |
| | **CIVIL RIGHTS COMPLAINT:** |
| v. | **CIVIL RIGHTS ACT of 1884** |
| | **28 U.S.C. § 1332:** |
| | **DIVERSITY OF CITIZENSHIP** |
| | **FALSE IMPRISONMENT** |
| **WHOLE FOODS MARKET, INC.** | |
| **ALLIED UNIVERSAL (USSA), a.k.a.,** | **DEFAMATION** |
| **UNIVERAL PROTECTION SERVICE, LLC,** | |
| **JOHN DOE 1 and JOHN DOE 2,** | **$10 MILLION IN** |
| Defendants. | **COMPENSATORY** |
| | **DAMAGES** |
| | **JURY DEMAND** |

## COMPLAINT FOR DECLARATORY JUDGMENT AND TO RECOVER DAMAGES

PLEADING TITLE - 1

**JURISDICTION AND VENUE**

Ryan Clayton Williams, hereinafter the "Plaintiff," brings this complaint under the Civil Rights Act of 1886, 28 U.S.C. Section 1332 for damages resulting from the Defendants' unlawful actions against Plaintiff . The court has jurisdiction over Plaintiff's federal claims based upon 28 U.S.C. § 1331 (federal question jurisdiction), including 28 U.S.C. § 1343(a)(4) (civil rights actions), arising under section 1981 of the Civil Rights Act of 1886. Section 1981 of the Civil Rights Act of 1886 "gives all persons within the jurisdiction of the United States … the same right in every State and Territory to make and enforce contracts, … and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The terms "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Section 1981 further provides that: "[t]he rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law."

The court has jurisdiction over Plaintiff's claims of false imprisonment, defamation and intentional infliction of emotional distress, pursuant to 28 U.S.C. Section §1332 due to diversity of citizenship of the parties. Venue is proper in this judicial district as the incident complained of occurred in this district. Plaintiff alleges as follows:

**PARTIES**

1.  Plaintiff Ryan Clayton Williams is an African American who is an attorney licensed to practice law in the state of Illinois and the federal district courts and he was a resident of the

PLEADING TITLE - 2

City of Detroit, County of Wayne, of the state of Michigan at all times relevant to this civil action.

2. Defendant Whole Foods Market, Inc. is an out of state corporation which serves prepared food and sells food products as both restaurant and retailer.

3. Defendant Allied Universal (USSA), a.k.a. Universal Protection Service, LLC, is an out of state privately owned company which provides security services to Defendant Whole Foods Market, Inc.

4 Defendant John Doe 1 was a security guard and /or agent acting in the course and scope of his employment with Defendant Allied Universal (USSA) and Defendant Whole Foods Market, Inc. at all times material.

5. Defendant John Doe 2 was a security guard and/or agent acting in the course and scope of his employment with Defendant Allied Universal (USSA) and Defendant Whole Foods Market, Inc. at all times material.

**FACTUAL BACKGROUND**

**February 21, 2020:**

6. On or about February 21, 2020, Plaintiff entered the Defendant Whole Foods Market, Inc.'s store at 115 Mack Ave., Detroit, MI 48201 to shop and purchase products.

7. Plaintiff finished shopping and paid for his products and left the store.

8. As Plaintiff proceeded to his car, Defendant John Doe 1 and John Doe 2 followed Plaintiff out of the store and proceed to block Plaintiff's entry into his car.

9. Defendant John Doe 1 and John Doe 2 told Plaintiff he had to return to the store.

10. Plaintiff was not free to leave.

PLEADING TITLE - 3

11. Defendant John Doe 1 and John Doe 2 walked Plaintiff back into the store and up to the cashier.

12. Defendant Jon Doe 1 and John Doe 2 broadcasted in a loud voice to the cashier in the presence of other customers, did Plaintiff pay for his items to which the cashier responded in the affirmative.

13. Plaintiff was then released from detainment.

### COUNT I

### DEPRIVATION OF CIVIL RIGHTS – VIOLATION OF THE CIVIL RIGHTS ACT OF 1886

14. Plaintiff realleges and incorporates the preceding paragraphs by reference herein.

15. Plaintiff is an African American and is therefore a member of a protected group.

16. Plaintiff was subjected to "shopping while black" on February 21, 2020 when he was harassed and treated with discriminatory animus and indifference while shopping at Defendant Whole Foods Market, Inc. when he was forced to return to the 115 Mack Ave. store without any reasonable justification.

17. Caucasian Americans are allowed to shop in the Defendant Whole Foods, Inc. store without being subjected to harassment or racial indifference or any other discriminatory treatment.

18. Section 1981 of the Civil Rights Act of 1886 entitles Plaintiff "to make and enforce contracts ,… and to full and equal bandit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.'

PLEADING TITLE - 4

19. Defendants' actions described above deprived Plaintiff of and interfered with his right "to make and enforce contracts … and to the full equal benefit of all laws and proceedings as is white citizens."

20. As a direct and proximate consequence of the Defendants' acts, Plaintiff has been deprived of his civil rights under section 1981 of the Civil Rights Act of 1886 and is entitled to compensatory damages.

## COUNT II

## UNREASONABLE DETAINMENT - FALSE IMPRISONMENT

21. Plaintiff realleges and incorporates by reference paragraphs 1-20 as of fully restated herein.

22. Defendants lacked reasonable cause to accost and detain Plaintiff..

23. Defendants acted willfully, knowingly, purposefully, maliciously with the intent to detain Plaintiff without consent or authority.

24. Defendants threat and or action created actual confinement John Doe 1 and John Doe 2's acts violated Plaintiffs' Fourth Amendment rights to be secure in their person from unreasonable search and seizures.

25. Plaintiff was aware that Defendants had confined him and that he was not free to leave.

26. Defendants' detainment of the Plaintiff was unlawful.

27. As a direct and proximate consequence of the Defendants' acts, Plaintiff has suffered damages from an injury to his health and safety and is entitled to compensatory damages to his person.

## COUNT III

## DEFAMATION

PLEADING TITLE - 5

28. Plaintiff realleges and incorporates by reference paragraphs 1-27 as of fully restated herein.

29. Defendants made a false and defamatory statement alleging that Plaintiff had stolen items in front of other customers at Defendant Whole Foods Market, Inc.'s 115 Mack Ave. store in Detroit, MI.

30. Defendants made the statements described in the preceding paragraphs which they knew or should have known of their falsity.

31. As a direct and proximate consequence of the Defendants' acts, Plaintiff has suffered injury to his reputation in the community and is entitled to compensatory damages.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff realleges and incorporates by reference paragraphs 1-31 as of fully restated herein.

33. Defendants subjected Plaintiff to outrageous and offensive conduct that shocks the conscience of reasonable persons and as a direct result of such conduct, Plaintiff has suffered humiliation and embarrassment.

34. As a direct result of Defendants' conduct described in this complaint, Plaintiff is entitled to noneconomic damages.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

## REQUEST FOR RELIEF

Plaintiff incorporates the preceding paragraphs by reference herein.

PLEADING TITLE - 6

WHEREFORE, Plaintiff seeks the following relief:

I. Actual and compensatory damages sufficient to make him whole;

II. Punitive damages against Defendants sufficient to punish them and to deter further wrongdoing;  III. Injunctive relief sufficient to protect Plaintiff from the ongoing harassment and intimidation of Defendants;

IV. Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

VI. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Daryl Adams**
DARYL ADAMS (P54185)
Attorney for the Plaintiff
2525 John R
Detroit, MI 48201
(313) 293-4026
adams.daryl227@comcast.net

**/s/ Ryan Clayton Williams**
RYAN CLAYTON WILLIAMS  (6318972)
Attorney for the Plaintiff
2523 John R
Detroit, MI 48201
(734) 644-3123
ryanwilliamsesq@gmail.com

PLEADING TITLE - 7